IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                  CRIMINAL ACTION NO. 1:11cr103-HSO-JMR-002

JAVIER MOLINA

## DEFENDANT MOLINA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS

Defendant Javier Molina is charged in a three count superseding indictment with violations of Sections 371 and 554, Title 18, United States Code, and Sections 2778(b)(2) and (c) of Title 22, United States Code. It is alleged that Molina conspired and did attempt to export firearms and defense articles into Mexico from the United States. The evidence supporting the indictment was obtained after law enforcement placed a GPS tracking device on the vehicle without securing a warrant. The warrantless placement of the tracking device on the vehicle violates the Fourth Amendment of the United States Constitution. *United States v. Jones*, 132 S. Ct. 945 (2012).

Accordingly, the defendant respectfully moves this Court to enter an order suppressing all evidence seized and any and all statements made in connection with the unlawful placement of the GPS tracking device on the vehicle.

I. **FACTS**

Without securing a warrant, law enforcement officers including Special Agents with the Office of Homeland Security Investigations ("HSI") placed a GPS

tracker on a black 1994 Ford Ranger with North Carolina license plate number AAL 198. The vehicle was in the possession of Jose Luis Santos-Garcia at the time the tracker was placed on the vehicle. HSI began actively tracking the vehicle on September 6, 2011. The government used the device to track the vehicle's movements and establish the location of the vehicle for over 58 days. The tracking device alerted law enforcement that the vehicle traveled through the Montgomery, Alabama area on the morning of November 1, 2011, and officers were instructed to be on the look out for the vehicle. When Deputy Thornton of the Jackson County Sheriff's Office recognized the vehicle, he stopped the vehicle for careless driving. Audio and video recordings of the stop indicate that Deputy Thornton was waiting on the vehicle using information received and relayed to him from the tracking device.

It is the fruits of the unconstitutional warrantless search of the vehicle by the attachment of the GPS tracking device to track the vehicle's movements that the defendant seeks to suppress.

## II. DISCUSSION

"The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." *United States v. Jones*, 132 S.Ct. 945, 949 (2012). It is clear that a vehicle is an "effect." *Id.* (citiations omitted). Molina submits that he has standing to challenge the search

2

of the vehicle by the government's use of the GPS tracking device, and that the attachment of the GPS tracking device amounts to a government trespass and an impingement upon Molina's judicially recognized expectation of privacy. This physical intrusion amounts to a search, and the exclusionary rule bars introduction at trial of evidence seized in violation of the Fourth Amendment and evidence obtained as an indirect result of the illegal seizure - the fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

### A. Standing

Defendant Molina has standing to challenge the government's use of a hidden GPS device as an unconstitutional warrantless search of the vehicle. In order to have standing to assert a motion to suppress, a defendant need only to assert either a property or possessory interest in the vehicle in which they were the owner, driver, passenger or maintained lawful control of said vehicle. *Rakas v. Illinois*, 439 U.S. 128 (1978). Furthermore, "where a person has borrowed an automobile from another, with the other's consent, the borrower becomes a lawful possessor of the vehicle and thus has standing to challenge its search." *United States v. Lee*, 898 F.2d 1034, 1038 (5th Cir. 1990). Molina was operating the vehicle with the consent of its owner, Jose Luis Santos-Garcia, and thus was the lawful possessor for purposes of having standing to challenge the search as an invasion of his privacy.

**B. The warrantless installation and use of the GPS tracking device on the vehicle constituted an unlawful search under the Fourth Amendment.**

The government illegally obtained evidence from the warrantless use of a GPS device affixed to the vehicle Javier Molina was driving. The traffic stop that led to the discovery of the firearms was not random. The GPS data directly allowed the government to follow the location of the vehicle and facilitate a traffic stop where guns were found hidden in the vehicle. Because of the GPS data, officers were aware that the vehicle was in the area and were specifically looking for it with the intention of making a traffic stop. For Fourth Amendment purposes, the use of the GPS data and the traffic stop itself are inextricably linked. The warrantless attachment and use of of the GPS tracking device amounts to a government trespass and an impingement upon Molina's judicially recognized expectation of privacy. This physical intrusion amounts to a search and the exclusionary rule bars introduction at trial of evidence seized in violation of the Fourth Amendment. *Wong Sun v. United States*, 371 U.S. 471 (1963).

## III. CONCLUSION

Pursuant to Rule 12(b) and Rule 41(f) of the Federal Rules of Criminal Procedure and the Fourth Amendment of the United States Constitution, Javier Molina respectfully moves this Court to enter an order suppressing all evidence seized and any and all statements made in connection with the unlawful warrantless placement of the GPS tracking device on the vehicle he was driving.

The warrantless placement and use of the GPS device amounts to physical intrusion of a constitutionally protected area, and thereby violates Javier Molina's Fourth Amendment rights. *United States v. Jones*, 132 S. Ct. 945 (2012). Therefore all statements obtained from Molina as well as all evidence seized should be suppressed as fruit of the poisonous tree under *Wong Sun v. United States*, 371 U.S. 471 (1963).

Respectfully submitted, this the 4th day of April, 2012.

                                        S. DENNIS JOINER
                                        Federal Public Defender

                    By:    /s/John W. Weber, III
                           John W. Weber, III, MS Bar #101020
                           Assistant Federal Public Defender
                           Southern District of Mississippi
                           2510 14th Street, Suite 902
                           Gulfport, MS 39501
                           Phone: (228) 865-1202
                           Fax:  (228) 867-1907
                           Email: John_Weber@fd.org
                           *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, John W. Weber, III, certify that I have this day electronically filed the foregoing Response with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of record.

So Certified, this the 4th day of April, 2012.


By: /s/John W. Weber, III
JOHN W. WEBER, III